# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 17, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| MADISON JUGON, | * | |
| | * | |
| Petitioner, | * | No. 21-1592V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Sean F. Greenwood,* The Greenwood Law Firm, Houston, TX, for petitioner.
*Elizabeth Andary,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 5, 2024, Diana A. Jugon, as representative of the estate of Madison Jugon ("petitioner"), filed this motion for interim attorneys' fees and costs. Petitioner's Motion for Interim Attorneys' Fees ("Int. Fee App.") (ECF No. 66). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and finds that an award of $53,767.09 is reasonable for interim attorneys' fees and costs.

## I. Procedural History

On July 20, 2021, petitioner filed her claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1).[3] Petitioner alleges that as a result of Ms. Madison Jugon

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

[3] On October 4, 2023, filed a status report indicating that petitioner had died and on August 26, 2024, petitioner filed a motion to amend the case caption to have the decedent's estate administrator continue the claim.

receiving the varicella vaccine on July 24, 2018, she developed small fiber neuropathy ("SFN"). *Id.* Petitioner filed medical records to accompany her petition. *See* Petitioner's Exhibits 2-13.

After the case was transferred to the undersigned's docket on July 11, 2022 and I issued an initial order, petitioner continued to file medical records. *See* Pet'r Exs. 14-15 (ECF No. 26). On April 12, 2023, respondent filed the Rule 4(c) report recommending against compensation. Respondent's Report ("Resp't Rept.") (ECF No. 28). The undersigned ordered petitioner to file expert reports. Scheduling Order, non-pdf, Apr. 12, 2023.

On June 30, 2023, petitioner filed an initial expert report from Dr. Joseph S. Jeret. Pet'r Ex. 20 (ECF No. 35). Petitioner also continued to file medical records relevant to her claim. Pet'r Exs. 19, 44,45 (ECF Nos. 34, 39, 44). Petitioner also filed a supplemental expert report from Dr. David Axelrod on September 19, 2023. Pet'r Ex. 46 (ECF No. 47).

On October 4, 2023, petitioner filed a Suggestion of Death notification and requested that the case be stayed until counsel can identify the appropriate estate administrator and obtain the necessary records associated with petitioner's death. Pet'r Motion to Stay Deadlines (ECF No. 51). Petitioner's motion was granted and the case was stayed until August 26, 2024. Order Granting Petitioner's Motion to Lift Stay (ECF No. 64). Petitioner also filed the appropriate motion to amend the case caption and documentation of petitioner's death, along with estate administration.

On November 5, 2024, petitioner filed this motion for interim attorneys' fees and costs, requesting $29,521.55 in attorneys' fees and $24,245.54 in attorneys' costs. Int. Fee App. at 1. Respondent filed a response to petitioner's motion on November 15, 2024, stating that respondent defers to the special master to determine if petitioner has met the legal standard for an interim fees and costs award and requests that the special master exercise his discretion and determine a reasonable award for interim attorneys' fees and costs. Resp't Response ("Resp.") at 2-5 (ECF No. 67). Petitioner did not file a reply.

This matter is now ripe for adjudication.

## II.    Entitlement to Attorneys' Fees and Costs

### A. Legal standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

2

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). Petitioner has filed accompanying medical records documenting her condition and expert reports to support her claim. Further, small fiber neuropathy is an injury which has been compensated in the Vaccine Program. Thus, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### B. Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

Petitioner's claim has been pending since 2021. While petitioner's attorneys' fees request does not exceed $30,000.00, petitioner is requesting costs that are over $15,000.00, and a portion of petitioner's costs are associated with establishing the decedent's estate and providing updates to the probate court. Further, petitioner is also requesting costs associated with retaining Drs. Jeret and Axelrod. As it likely that additional expert costs will be incurred as the litigation continues and that litigation costs will likely impose an undue burden on petitioner's counsel, I find that an award of interim attorneys' fees and costs is appropriate at this time.

### III.    Reasonable Attorneys' Fees and Costs

### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the

3

number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

Petitioner is requesting her attorney, Mr. Greenwood and various staff at The Greenwood Law Firm be reimbursed for work performed on her case between 2021 and October 9, 2024. Petitioner is requesting the following rates for the various staff at The Greenwood Law Firm:

|  | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|
| **Mr. Sean Greenwood** | $425 | $470 | $495 | $545 |
| **Ms. Janell Ochoa** | $180 | $200 | $200 | --- |
| **Ms. Ana Carruth** | $180 | --- | --- | --- |
| **Mr. Waymond Wesley** | --- | --- | $200 | --- |
| **Mr. Jonathan Krupa** | --- | $165 | $175 | $185 |
| **Ms. Megan Ward** | $170 | $170 | --- | --- |
| **Mr. Thomas Ambrosio** | --- | --- | $161 | $170 |

These rates have previously been awarded to petitioner's counsel, associates and paralegals at the Greenwood Law Firm and the requested rates are consistent with the previous

decisions. *See Nguyen v. Sec'y of Health & Hum. Servs.,* No. 21-713V, 2024 WL 3938976 (Fed. Cl. Spec. Mstr. July 25, 2024); *Carre v. Sec'y of Health & Hum. Servs.,* No. 20-1613V, 2023 WL 2645840 (Fed. Cl. Spec. Mstr. Mar. 27, 2023). Accordingly, I find the hourly rates requested for petitioner's attorneys to be reasonable.

### C. Hours Expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Upon review of the submitted billing statement, I find the overall hours spent on this mater, given some of the complex issues relating to petitioner's death, to be reasonable. The billing entries appear to accurately reflect the work that was performed, and the amount of time spent on each task was adequately documented. Accordingly, petitioner is entitled to $29,521.55 in attorneys' fees.

### D. Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. Petitioner is requesting $24,245.54 in costs.

A portion of these costs include obtaining medical records, the filing fee, and postage. *See* Pet'r Ex. 65 at 16-17. The largest expenses are related to petitioner's experts and retention of a probate attorney to establish her estate.

Petitioner's total request for expert costs is $11,000.00 for the retention and work of Drs. Jeret and Axelrod. According to Dr. Jeret's invoice, he performed 16.5 hours of work at $500.00 per hour. Pet'r Ex. 66 at 35. Dr. Axelrod billed a total of $2,600.00 at $400/hour and performed 6.5 hours of work. At the time petitioner filed this motion for interim attorneys' fees and costs, both Drs. Jeret and Axelrod had drafted one expert report. Drs. Jeret and Axelrod have previously been awarded their respective hourly rates, and accordingly, no reduction in expert fees is necessary. *See Bryce v. Sec'y of Health & Hum. Servs.,* No. 17-1832V, 2023 WL 5666165 (Fed. Cl. Spec. Mstr. July 18, 2023) (awarding Dr. Jeret an hourly rate of $500.00); *Sutton v. Sec'y of Health & Hum. Servs.,* No. 19-1887V, 2023 WL 9099853 (Fed. Cl. Spec. Mstr. Nov. 1, 2023) (awarding Dr. Axelrod an hourly rate of $400.00).

Petitioner is also requesting reimbursement for costs associated with retaining the Law Office of Cici Cunningham totaling $11,304.20 for the establishment of her estate. Pet'r Ex. 66 at 15-18. Special Masters generally award the reasonable costs of establishing an estate and appointing a representative. *See Durand v. Sec'y of Health & Hum. Servs.,* No. 15-1153V, 2020 WL 639372, at *6 (Fed. Cl. Spec. Mstr. Jan. 16, 2020). In order for this case to proceed, it was

necessary to probate Ms. Jugon's estate, as she has passed away before the case was resolved, and the estate needed to be created to continue the claim. Additionally, the hourly rate of $375.00 charged by the probate attorney was reasonable and the amount of spent on this matter also appears to be reasonable. Accordingly, I will award those interim costs in full.

Accordingly, petitioner will be awarded full reimbursement for interim attorneys' fees and costs of $24,245.54.

### IV.     Conclusion

For the reasons set forth above, I find that is reasonable to compensate petitioner's attorney for interim attorneys' fees and costs.

**Accordingly, the petitioner is awarded interim attorneys' fees and costs in the total amount of $53,767.09, to be paid through an ACH deposit to petitioner's counsel, Mr. Sean Greenwood's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).